FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2014 MAR 21 P 4:31

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

JOHN B. SPITZER
40 Old Lancaster Road, Apt #315
Merion Station, PA 19066

Plaintiff,

v.

THE BUREAU OF NATIONAL AFFAIRS, INC.
1801 S. Bell St.
Arlington, VA 22202

and

WASHINGTON-BALTIMORE NEWSPAPER GUILD, LOCAL 32035
1100 15th Street N.W.
Suite 350
Washington, D.C. 20005

Defendants.

Civil Action No. 1:14-CV-00309 (CMH/IDD)

## COMPLAINT

1. Plaintiff John B. Spitzer brings this complaint for monetary and equitable relief, through counsel, against his former employer The Bureau of National Affairs, Inc. ("**BNA**") and his former labor union, the Washington-Baltimore Newspaper Guild, Local 32035 (the "**Guild**") under Section 301 of the Labor Management Relations Act.

### JURISDICTION & VENUE

2. This Court has federal question jurisdiction over this action pursuant to Article III of the United States Constitution and 28 U.S.C. § 1331.

3. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391 as the facts relevant to this matter occurred at BNA's Arlington, Virginia office.

1

## PARTIES

4. Mr. Spitzer is a resident of Pennsylvania, formerly of Arlington, Virginia, who worked for BNA and was a member of the Guild from July 22, 2013 until BNA fired him on September 27, 2013 because of his disability, in violation of the collective bargaining agreement between the Guild and BNA.

5. BNA is a Delaware corporation operating in the Commonwealth of Virginia under the registered fictitious name "Bloomberg BNA (Arlington Co)" with a principal Virginia office of 1801 S. Bell St., Arlington, Virginia 22202. BNA was Mr. Spitzer's employer until it fired him because of his disability in violation of its collective bargaining agreement with the Guild.

6. The Guild is a labor organization that represents employees for the purposes of collective bargaining. The Guild is a local of, and is affiliated with, The Newspaper Guild-Communications Workers of America, AFL-CIO. The Guild maintains its principal office at 1100 15th Street N.W., Suite 350, Washington, D.C. 20005. The Guild is a "labor organization" within the meaning of 29 U.S.C. §152(5). The Guild arbitrarily declined to represent Mr. Spitzer when he complained that his termination was because of his disability.

## FACTS

7. On July 22, 2013, Mr. Spitzer became an employee of BNA with the position of "Legal Editor."

8. Mr. Spitzer worked for BNA in its editorial department.

9. Mr. Spitzer's primary task as a legal editor was to generate written articles that summarized judicial opinions for BNA's readers.

10. Pursuant to the March 1, 2013 to February 29, 2016 "Agreement Between The Bureau of National Affairs, Inc. and Washington-Baltimore Newspaper Guild" (the "CBA"), the Guild was Mr. Spitzer's representative, as specified in Article I of the CBA.

2

11. Mr. Spitzer was classified as a probationary employee under Article II(1) of the CBA.

12. Under Article II(1) of the CBA, the discharge of probationary employees like Mr. Spitzer by BNA may be challenged by the Guild if the discharge is for reasons defined in Article IX(1)-(2) of the CBA.

13. Article IX(2) prohibits BNA from discriminating against employees on the basis of, among other things, a physical or mental disability.

14. Mr. Spitzer has been diagnosed with and suffers from generalized anxiety disorder.

15. Mr. Spitzer's anxiety disorder is a disability; it substantially limits him in the major life activities of concentrating and working.

16. The BNA office environment that Mr. Spitzer was assigned to was loud and noisy.

17. That office was also set up in an open layout, thus Mr. Spitzer was required to perform his work amongst his colleagues.

18. While Mr. Spitzer worked, his colleagues regularly talked, joked, laughed, and carried on.

19. In this loud, hectic environment, Mr. Spitzer would regularly suffer from the symptoms of his anxiety disorder while he attempted to write and perform his work.

20. Because of these symptoms, Mr. Spitzer struggled to generate a sufficient number of written articles.

21. Additionally, because of these symptoms, Mr. Spitzer struggled to generate articles of sufficient quality.

22. On or about August 23, 2013, Mr. Spitzer asked his supervisor, Dana Domone, for a reasonable accommodation for his disability under the Americans with Disabilities Act.

23. Mr. Spitzer explained that his disorder prevented him from completing his work in BNA's crowded, loud, and hectic office.

24. Mr. Spitzer also specifically stated that his low volume of written work and poor work quality were being caused by the interaction of his anxiety disorder and BNA's loud, hectic open office.

25. Mr. Spitzer requested a number of accommodations from BNA.

26. Specifically, Mr. Spitzer asked that he be allowed to work in a closed or quiet room.

27. BNA denied that request.

28. Additionally, Mr. Spitzer asked that he be allowed to work additional hours to complete his work.

29. BNA denied that request.

30. Specifically, Ms. Domone told Mr. Spitzer that "this is the way it is."

31. BNA did not otherwise offer Mr. Spitzer any reasonable accommodation, nor engage with him in an interactive process targeted at determining a reasonable accommodation, that might have allowed Mr. Spitzer to perform his work satisfactorily despite his disability.

32. BNA did allow Mr. Spitzer to wear headphones and/or earplugs.

33. Neither of these options were sufficient to allow Mr. Spitzer to complete his work with his disability.

34. When Mr. Spitzer would wear headphones, he would face ridicule from colleagues and complaints from his supervisor, Ms. Domone.

35. BNA did ask Mr. Spitzer for medical documentation of his disability.

36. Mr. Spitzer promptly contacted his physician, first on August 28, 2013, seeking the appropriate medical records to provide to BNA in support of his request for a reasonable accommodation.

37. As Mr. Spitzer's physicians were processing his request for records, his work continued to suffer from the combination of his anxiety disorder and BNA's loud and hectic open office.

38. Then, on September 23, 2013, BNA fired Mr. Spitzer, citing his poor work performance.

39. BNA fired Mr. Spitzer despite his specific statements to them that his performance was suffering because of his disability and that he needed a disability.

40. BNA fired Mr. Spitzer despite knowing that Mr. Spitzer's physicians were gathering medical records to support Mr. Spitzer's request for an accommodation.

41. BNA fired Mr. Spitzer in violation of Article IX, Section 2 of the CBA because that firing was discriminatory based upon Mr. Spitzer's disability.

42. On the day of his firing, Mr. Spitzer emailed his Union Representative, Paul Reilly, informing Mr. Reilly that he had been fired.

43. Mr. Spitzer also spoke with Mr. Reilly by telephone.

44. Mr. Reilly erroneously told Mr. Spitzer that, as a probationary employee, there was nothing the Guild could do to challenge Mr. Spitzer's discharge.

45. Mr. Spitzer explained that this was incorrect.

46. Specifically, Mr. Spitzer told Mr. Reilly that Article II(1) provided protection for discharged probationary employees like Mr. Spitzer when the discharge was discriminatory on the basis of disability.

47. Mr. Spitzer told Mr. Reilly that Article IX(2) protected probationary employees like Mr. Spitzer from mental disability discrimination.

48. Mr. Reilly declined to help Mr. Spitzer, saying there was nothing the Guild could do.

49. Mr. Reilly never helped Mr. Spitzer understand any grievance procedure.

50. Mr. Reilly never filed a grievance under Article XXIV of the CBA.

51. Upon information and belief, neither Mr. Reilly nor any employee or agent of the Guild ever even researched whether Mr. Spitzer was protected by the CBA from discriminatory discharge premised upon a disability.

52. Mr. Reilly and the Guild simply declined to help Mr. Spitzer.

53. Mr. Spitzer discovered later that the CBA only allotted Mr. Spitzer thirty days within which to start the grievance procedure.

54. By that time, the thirty-day period had elapsed, and Article XXIV of the CBA's grievance remedies were no longer open to Mr. Spitzer.

## COUNT I

*Hybrid 301/Duty of Fair Representation Claim:*
*Violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185,*
*and the National Labor Relations Act's Duty of Fair Representation*

55. Mr. Spitzer realleges every allegation.

56. BNA breached the CBA when it discharged Mr. Spitzer based upon his disability of generalized anxiety disorder.

57. The Guild violated its duty of fair representation to Mr. Spitzer when it declined Mr. Spitzer's request that the Guild remedy BNA's breach of the CBA.

58. Despite Mr. Spitzer's statements to the Guild that he was in fact protected by Article IX(2) of the CBA, the Guild irrationally, arbitrarily, improperly, and without good-faith declined to even file a grievance on Mr. Spitzer's behalf.

59. The Guild's failure to assert Mr. Spitzer's rights in even the most cursory fashion shocks the conscience and was a blatant violation of the fiduciary duty of fair representation that the Guild owed to Mr. Spitzer.

## DEMAND FOR RELIEF

60. Mr. Spitzer demands reinstatement.

61. Mr. Spitzer further demands back-pay, front pay, lost pension benefits, and overtime pay.

62. Mr. Spitzer further demands compensatory damages in an amount to be determined at trial.

63. Mr. Spitzer further demands punitive damages in an amount to be determined at trial.

64. Mr. Spitzer further demands pre- and post-judgment interest on all amounts awarded.

65. Mr. Spitzer further demands the costs and reasonable attorneys' fees incurred in prosecuting this action;

66. Mr. Spitzer further demands such further relief as this Court shall deem just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

John B. Spitzer, By Counsel:

_____

Jacob M. Small
Va. Bar # 84460
Attorney for John B. Spitzer
The Spiggle Law Firm, PLLC
4830B 31st St., S.
Arlington, Virginia 22206
(202) 499-6998 (phone)
(202) 540-8018 (fax)
jmsmall@spigglelaw.com